**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HATBORO HORSHAM SCHOOL DISTRICT,** | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 25-cv-01749 |
| **TAMKO BUILDING PRODUCTS, LLC**, | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM**

Younge, J.                                                                October 15, 2025

## I.    INTRODUCTION

Plaintiff, Hatboro Horsham School District ("Plaintiff") has filed this action against Defendant, TAMKO Building Products LLC ("Defendant"), claiming that Defendant knowingly sold it defective products which caused property damage to Plaintiff's roof.  Plaintiff brings forth claims of breach of express warranty, breach of implied warranty, strict liability, and fraudulent concealment.  Before the Court is Defendant's Motion to Dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6).  The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, Defendant's motion is **GRANTED** and Counts II, III, and IV of Plaintiff's Complaint are dismissed, with prejudice, as leave to amend would be futile. Because the Defendant did not challenge Plaintiff's claims contained in Count I of the Complaint, this matter will now proceed to the Discovery Stage.

1

## II.    FACTUAL BACKGROUND

In the summer of 2016, Plaintiff, Hatboro Horsham School District ("Plaintiff") purchased "Heritage Premium Shingles" from Defendant, TAMKO Building Products LLC ("Defendant"), for installation on the roof of Halloway Elementary School[1] ("Halloway"). (Amended Complaint, ECF No. 12 ("Am. Compl.") ¶ 6). Defendant provided Plaintiff with a limited warranty agreement to remedy any manufacturing defect that would cause the shingles to fail to perform its intended purpose of shedding water. (*Id*. ¶ 8). Pursuant to the terms of the limited warranty, Defendant was obligated to replace or repair the defective shingles or pay for the reasonable cost of installation of replacement shingles. (*Id*. ¶ 9). Plaintiff alleges that its hired contractor properly installed the shingles as described in the installation instructions and as later verified by Defendant's territory manager through email. (*Id*. ¶¶ 12-13). Shortly thereafter, Plaintiff alleges that the roof experienced shingle loss, cupping and breakage causing leaks. (*Id*. ¶ 15). This damage has resulted in Plaintiff having to expend more than $100,000 since 2018 to install replacement shingles. (*Id*. ¶ 16).

Plaintiff subsequently filed three warranty claims with Defendant in 2018, 2019 and 2023, wherein the Defendant denied each claim arguing that the shingle damage was not caused by defective products but was instead caused by improper installation of the shingles. (*Id*. ¶¶ 17-24). In March 2024, Plaintiff hired a roofing consultant to evaluate the shingles. (*Id*. ¶ 26). The Plaintiff alleges that the consultant determined the shingles had a manufacturing defect that prevented them from properly sealing due to the "seal-down strip being too high and too thinly applied with asphalt." (*Id*. ¶ 27). Plaintiff further alleges that its warranty claims were brought to Defendant within the twenty-year period and Defendant knew of the manufacturing defects when it denied the claims. (*Id*. ¶¶ 18-23, 54).

---

[1] Located at 501 W Moreland Avenue, Horsham, Pa 19044.

Plaintiff has filed this action against Defendant asserting four counts of liability: (I) Breach of Express Warranty, (II) Breach of Implied Warranty of Merchantability, (III) Strict Liability, and (IV) Fraudulent Concealment and Non-Disclosure. (*Id.* ¶¶ 31, 39, 48, 58). Plaintiff initially filed this case in the Montgomery County Court of Common Pleas in February 2025. (Motion to Dismiss, ECF No. 15, ("MTD") ¶¶ 1-2). However, Defendant removed this action to this Court on April 4, 2025. (*Id.*) Plaintiff then filed its first Amended Complaint on May 2, 2025. (ECF No. 12). Defendant now moves to dismiss Counts II, III, and IV of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim. (ECF No. 15).

## III.    LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

## IV.    DISCUSSION

Plaintiff filed an Amended Complaint against Defendant alleging breach of express and implied warranties and tort liability theories. (Am. Compl.). Defendant moves to dismiss Count II, arguing that it is barred by the applicable statute of limitations period. (ECF No. 15). Defendant moves to dismiss Counts III and IV pursuant to the Economic Loss Doctrine and applicable Third Circuit case law. (*Id.*). Construing the Amended Complaint in a light most favorable to the nonmoving party, the Court will dismiss Counts II, III, and IV with prejudice as leave to amend would be futile.  Because Defendant did not challenge the allegations contained in Count I, this action shall now proceed to the Discovery Stage relating to the provisions of Count I.

## A.    The Statute of Limitations Bars Count II, Breach of Implied Warranty of Merchantability.

In Pennsylvania, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." 13 Pa.C.S. § 2725(a).  A "cause of action accrues when the breach occurs," not when the injured party becomes aware of the breach. 13 Pa.C.S. § 2725(b). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id*. The court must separately determine whether a breach of express warranty and implied warranty of merchantability claims are untimely. Breach of warranty is not an issue here, so the Court turns to Plaintiff's breach of implied warranty of merchantability claim.

Here, Plaintiff entered a contract with Defendant in 2016 for the purchase and delivery of shingles. Plaintiff alleges that Defendant breached the contract's implied warranty of merchantability. (ECF No. 12). Defendant, however, claims that Plaintiff is barred from bringing this claim due to the expired statute of limitations. (ECF No. 15). The Court agrees. Pursuant to

the statute of limitations, Plaintiff would have to bring a cause of action against Defendant by 2020 since the shingles were purchased in the summer of 2016. *See* 13 Pa.C.S. § 2725(a). Plaintiff did not bring this action until filing its first complaint in the Montgomery County Court of Common Pleas in 2025, which is nine years after the purchase of the shingles and five years past the statute of limitations. (ECF No. 15). Thus, Plaintiff's claim is barred by the statute of limitations.

To the extent Plaintiff raises exceptions to toll the statute of limitations by claiming fraud or inducement, its' applicability fails to overcome the prescribed limitations period. "[A] plaintiff may invoke the doctrine of estoppel in order to extend the statute of limitations if the plaintiff can prove that the defendant caused him to relax his vigilance by some affirmative fraud, deception or concealment of fact." *Connaught Labs., Inc. v. Lewis*, 124 Pa. Commw. 568, 573-74, 557 A.2d 40, 43 (1989). Plaintiff, however, fails to articulate any facts to evidence affirmative actions taken by Defendant to induce Plaintiff to enter a contract or affirmatively engage in fraud on the part of Defendant.

To conclude, Plaintiff's claim for breach of implied warranty of merchantability is barred because it was brought outside the statute of limitations. Moreover, Plaintiff has failed to allege sufficient facts to toll the limitations period. Therefore, pursuant to Fed. R. Civ. P. 12(b)(6), Count II is dismissed with prejudice as leave to amend would be futile.

**B.    The Economic Loss Doctrine Bars Count III, Strict Liability.**

Considering Count III, Plaintiff asserts that Defendant is strictly liable for any injuries resulting from the alleged defective shingles. (Am. Compl. ¶¶ 44-48). According to Plaintiff, Defendant was aware of the manufacturing defect and the consequence that flows from it, including cupping, breakage, and blow offs, but still denied that defects existed. (*Id*. ¶¶ 54-55). Defendant, however, argues that Plaintiff has only alleged damage to the product itself—shingles,

which is considered a purely economic loss. (ECF No. 15). Defendant seeks dismissal of Plaintiff's Count III arguing that the economic loss doctrine[2] bars such claims on this ground as a matter of law. The Court agrees with Defendant.

The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 618 (3d Cir.1995). In *Rem Coal*, Pennsylvania courts adopted our Supreme Court's reasoning in *East River* that "cases involving injury to the product alone solely under the law of contract was appropriate" to apply the economic loss doctrine rather than under the law of tort. *Rem Coal Co. v. Clark Equip. Co*., 386 Pa. Super. 401, 411 (1989) (citing *East River*, 476 U.S. at 872). The *East River* Court explained that "warranty law is suited to economic loss cases because in such cases, the parties have the opportunity to have set the terms of their agreement regarding product value and quality in advance." *Id.* at 411. Considering our case law, the economic loss doctrine appropriately limits liability when cases involve only the economic loss of the bargained for product.

Under Pennsylvania law, "the economic loss doctrine provide[s] that no cause of action [can] be maintained in tort for negligence or strict liability where the only injury was 'economic loss'— that is, loss that is neither physical injury nor damage to tangible property." *2-J Corp. v. Tice*, 126 F.3d 539, 541 (3d Cir. 1997). "Where a plaintiff's only alleged damage is a diminution in the value of a product plaintiff has purchased, Pennsylvania law says that plaintiff's redress

---

[2] The economic loss doctrine by definition:

> no person or other property is damaged, the resulting loss is purely economic. Even when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain— traditionally the core concern of contract law. *See* E. Farnsworth, Contracts § 12.8, pp. 839–840 (1982).

*East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 870 (1986).

comes from the law of contract, not the law of tort." *Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 684 (E.D. Pa. 2011).

Here, the economic loss doctrine applies to Plaintiff's claim because the only injury alleged by Plaintiff—defective shingles is an economic loss. If the alleged defective shingles did not perform according to the agreement, Plaintiff can be made whole by contract damages as limited by the terms of the agreement. As the *Rem Coal* Court acknowledged, contract law is a "suitable framework for regulating and enforcing the expectations and obligations of the parties as to product performance" rather than tort law. *Rem Coal*, at 411; *see also* Uniform Commercial Code, 13 Pa. Cons. Stat. Ann. §§ 2601, 2607, 2608, 2711–2720 (1984). The Third Circuit has even found that recovery in tort was not viable when a product itself caught fire and resulted in severe damage because there was no other property damaged. *See Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110 (3d Cir. 1987). As such, Plaintiff is unable to recover under a strict liability theory because the alleged defective shingles is considered economic loss.

Plaintiff  asserts that Defendant had a duty to disclose the manufacturing defect in the shingles to Plaintiff separate and apart from the parties' contract. Under Pennsylvania law "before failure to speak or disclose information can constitute actionable fraud, the party charged must have a duty to speak or disclose. Absent a duty to speak or disclose, the concealment of certain facts cannot constitute fraud." *Protica, Inc. v. iSatori Techs., LLC*, No. 2011-CV-01105, 2012 WL 1071223 (E.D. Pa. Mar. 30, 2012). Here, Plaintiff fails to allege a "fiduciary, or confidential, relationship" between the parties. *Duquesne Light Co. v. Westinghouse Elec. Corp*., 66 F.3d 604, 611 (3d Cir. 1995) (citing Restatement (Second) of Torts § 551(2)). Without such an established relationship, Defendant does not have the duty to disclose concealment of certain facts extrinsic to the contract. Thus, the economic loss doctrine bars Plaintiff's claim.

Relying on *East River* economic loss doctrine exception, Plaintiff in its Response alleges recovery for damage to other property under a tort cause of action. (ECF No. 18); *see East River*, 476 U.S. at 867. However, Plaintiff failed to allege cognizable damage to "other property" in its' Amended Complaint, apart from damage to the bargained for product itself—shingles. (Am. Compl. ¶¶ 15, 38, 42, 57). Because Plaintiff failed to specify in its Amended Complaint if damage to any other property resulted from the leaks, damage to the bargained for product falls squarely within the scope of the economic loss doctrine.[3] Thus, the economic loss doctrine bars Plaintiff's claim of damage to "other property."

Absent a duty extrinsic to the contract, Plaintiff's strict liability claim fails to overcome the economic loss doctrine. Therefore, Count III is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice as leave to amend would be futile.

**C.    The Economic Loss Doctrine Bars Count IV, Fraudulent Concealment and Non-Disclosure.**

Plaintiff alleges Defendant continuously, intentionally, and fraudulently assured Plaintiff that the shingles were not defective from 2018 to 2024, despite Defendant's obligation to disclose any knowledge regarding defects. (Am. Compl. ¶¶ 58-59). Defendant argues that Plaintiff's claim of fraudulent concealment and non-disclosure, regarding the "quality and characteristics of the good," are barred by the economic loss doctrine pursuant to Third Circuit precedent. The Court agrees with Defendant.

---

[3] Our Supreme Court clarified in *Saratoga Fishing*, "for purposes of applying the economic loss doctrine, the product is no more and no less than whatever the manufacturer placed in the stream of commerce by selling it to the initial user." *2-J Corp.*, 126 F.3d at 543 (citing *Saratoga Fishing Co. v. J.M. Martinac & Co.,* 520 U.S. 875, 877 (1997)).

In *Werwinski v. Ford Motor Co., 286 F.3d 661, 681 (3d Cir. 2002),* the Third Circuit held that the economic loss doctrine bars claims based on fraudulent concealment or non-disclosure. Typically, for a plaintiff to invoke the fraudulent concealment doctrine:

> [A] plaintiff must show "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) . . . the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts."

*Blue Cross Blue Shield Ass'n v. GlaxoSmithKline LLC*, 417 F. Supp. 3d 531, 552 (E.D. Pa. 2019) (quoting *Cetel v. Kirwan Fin. Grp., Inc*., 460 F.3d 494, 509 (3d Cir. 2006)). For the following reasons, the Court finds that Plaintiff failed to bring forth sufficient evidence demonstrating an affirmative or independent act of concealment that could have mislead Plaintiff from discovering the alleged shingle defect.

To prove Defendant affirmatively engaged in fraud, Plaintiff alleges Defendant fraudulently represented that the shingle failures were not a result of defects from 2018 to 2024. (Am. Compl.). Still, the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract . . .." *Duquesne Light Co.*, 66 F.3d at 618. Specifically, the economic loss doctrine bars non-statutory fraudulent concealment claims when there is a contract involved. *See Werwinski*, 286 F.3d at 681.

This case does not involve a statutory claim but one of common law.[4] The Middle District of Pennsylvania has similarly applied *Werwinski* on the narrow grounds to bar a common law fraudulent concealment claim pursuant to the economic loss doctrine because the allegations

---

[4] While Plaintiff correctly asserts that *Earl v. NVR, Inc*. partially overruled *Werwinski*, the abrogation of the *Werwinski* ruling only regards statutory fraudulent concealment claims. *Earl*, 990 F.3d 310, 314 (3d Cir. 2021). *Earl* modified the application of the economic loss doctrine, determining the doctrine does not bar fraudulent concealment claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *Id*. However, *Earl* is silent on fraudulent concealment claims under common law.

related to the "quality of the goods sold." *Team Biondi, LLC v. Navistar, Inc*., 665 F. Supp. 3d 633, 645-46 (M.D. Pa. 2023). The Third Circuit in *Earl* left undisturbed the principle that "the economic loss doctrine may bar common law tort claims based on fraud, misrepresentation, or concealment." *Id*., at 645 n.10; *see also ABEC, Inc. v. Eat Just, Inc.*, No. 23-CV-1091, 2024 WL 1889243 (E.D. Pa. Apr. 30, 2024) ("*Earl* left the Economic-Loss Doctrine intact in nonstatutory contexts; in fact, it noted that the Pennsylvania Supreme Court had clarified that the Economic-Loss Doctrine is 'well-established' in Pennsylvania."). In the instant matter, Plaintiff alleges a common law claim of fraudulent concealment and non-disclosure rather than a statutory claim under the UTPCPL, thereby falling within the scope of the economic loss doctrine.

Plaintiff cannot rely on the inducement exception to overcome the economic loss doctrine. The economic loss doctrine does not bar fraudulent concealment claims when, in limited circumstances, the "defendant committed fraud to induce another to enter into a contract." *Reilly Foam Corp. v. Rubbermaid Corp*., 206 F. Supp. 2d 643, 658 (E.D. Pa. 2002). However, this limited exception does not apply here. Inducement claims remain viable only when a party makes a representation extraneous to the contract, but not when the representations concern the subject matter of the contract or the party's performance. *Id*. at 659. "A fraudulent misrepresentation claim is intrinsic to the contract or warranty claim if the representations concern the specific subject matter of the contract or warranty, such as 'the quality or characteristics of the goods sold.'" *Whitaker v. Herr Foods, Inc*., 198 F. Supp. 3d 476, 490 (E.D. Pa. 2016) (quoting *Air Prods. & Chems. V. Eaton Metal Prods. Co.*, 256 F. Supp. 2d 329, 337 (E.D. Pa. 2003)). Here, Plaintiff alleges that Defendant misrepresented from 2018 to 2024 that the shingles did not have a defect. (Am. Compl.). Because Defendant's alleged misrepresentations concern "the quality or

characteristics of the goods sold," the inducement exception does not apply since it is intrinsic to the contract. As such, the economic loss doctrine bars relief.

As discussed above, Plaintiff's fraud claim relates to the quality or characteristics of the shingles. (Am. Compl.). Count IV is a common law claim. Plaintiff failed to show Defendant affirmatively engaged in fraud. As such, Plaintiff's fraudulent concealment and non-disclosure claim fails to overcome the economic loss doctrine and thereby precluded from recovery under a tortious liability theory. Therefore, Count IV is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice as leave to amend would be futile.

## V.    CONCLUSION

Therefore, Counts II, III, and IV are dismissed with prejudice and without leave to amend because Plaintiff's claims fail to overcome the statute of limitations and the economic loss doctrine. Plaintiff will not be provided with leave to amend because amendment would be futile. A court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879, 69 V.I. 1034 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); see also *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile). Since Plaintiff's pleadings cannot be cured with further amendment, Counts II, III, and IV asserted in this lawsuit will be dismissed with prejudice and without leave to amend. *See City of Cambridge Ret. Sys.*, 908 F.3d at 879, 69 V.I. 1034; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) (stating amendment should be granted unless it would be futile.). As

previously stated, because Defendant did not challenge the allegations contained in Count I of the Complaint, this matter shall now proceed to the Discovery Stage.

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. An appropriate **Order** follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J.**

12